IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No: 18-cv-01131-RM-NRN

MOTTO FRANCHISING, LLC,

    Plaintiff,

v.

JOSEPH MCCABE,
CHRIS WAGENHOFFER, and
GREATER PHILADELPHIA AREA MORTGAGE, LLC
d/b/a HOME FRONT MORTGAGE,

    Defendants.

## ORDER

    This matter is before the Court on Defendants Joseph McCabe and Greater Philadelphia Area Mortgage, LLC's "Motion to reopen, Vacate Settlement Agreement, and Dismiss case on Multiple Fronts" (the "Motion") (ECF No. 22). Plaintiff filed a "Notice of Pro Forma" (ECF No. 23), stating it would not be filing any response to the Motion, unless instructed to do so by the Court, in light of its earlier Order ("Order 1") (ECF No. 21) denying without prejudice Plaintiff's request to enter judgment on the parties' settlement agreement. Upon review of the Motion, and the court record, the Court finds and orders as follows.

    Defendants proceed *pro se*, but as Defendants recognize, Defendant Greater Philadelphia Area Mortgage, LLC is an entity and, as such, cannot appear *pro se*. *See* D.C.COLO.LAttyR 5(b) (An "entity may not appear without counsel…, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken…."). Defendants' argument to the

contrary – or for an exception – is unavailing.  Accordingly, the Motion is **STRICKEN** as to Defendant Greater Philadelphia Area Mortgage, LLC.

Next, as for individual Defendant McCabe, he too fails to show relief may be had.  Here, Defendant McCabe seeks to reopen this case so that he may vacate the settlement agreement and obtain dismissal of this case.  But, as the Court set forth in Order 1, Plaintiff has already voluntarily dismissed this case under Fed. R. Civ. P. 41(a)(1)(A)(i) and, further, the Court did not retain jurisdiction over the settlement agreement.  Defendant McCabe fails to show how the Court has jurisdiction now to entertain his motion, or that it should do so.  *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989).  Moreover, the Court takes judicial notice that there is an action pending to enforce the settlement agreement in which Defendant McCabe may raise any objections he has to such agreement.  *See Motto Franchising, LLC v. McCabe et al.*, 19-cv-02103-CMA-STV.[1]  Thus, Defendant McCabe fails to show the Court can or should reopen this case.  It is therefore

**ORDERED** that Defendants Joseph McCabe and Greater Philadelphia Area Mortgage, LLC's "Motion to reopen, Vacate Settlement Agreement, and Dismiss case on Multiple Fronts" (ECF No. 22) is (1) **STRICKEN** as to Defendant Greater Philadelphia Area Mortgage, LLC; and (2) **DENIED WITHOUT PREJUDICE** as to Defendant McCabe.

DATED this 3rd day of January, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] The fact that whether diversity subject matter jurisdiction exists in the enforcement case filed in federal court does not negate this finding where there is no indication such objections may not be raised in any state court action, should one be filed.